# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:13-CR-40-TLS-SLC |
| | ) | |
| DEANGELO COPELAND | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Deangelo H. Copeland's "Motion Seeking an Amendment and or Modification of Restitution pursuant to Title 18 U.S.C. § 3664(a)" [ECF No. 134], filed on March 24, 2016. On March 30, 2016, the Government filed its Response [ECF No. 135]. On April 11, 2016, the Defendant requested an extension to file his Reply [ECF No. 136], which Magistrate Judge Susan L. Collins granted on April 12, 2016 [ECF No. 137]. The Defendant then filed his Reply on April 14, 2016 [ECF No. 138]. For the reasons set forth below, the Defendant's Motion [ECF No. 134] is denied.

## BACKGROUND

The Defendant pled guilty to Counts 1 and 2 of the Indictment, which charged him with armed bank robbery and aiding and abetting, in violation of 18 U.S.C § 2113(a), (d) and 18 U.S.C. § 2, and with carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On March 26, 2014, the Court entered judgment [ECF No. 117], and the Defendant was sentenced to 111 months imprisonment and ordered to pay $16,405.39 in restitution. The Defendant's restitution payments of $50 per month commence thirty days after his placement on supervision. The Court also ordered that the Defendant's restitution be joint and several with his two co-defendants, Trey T. Jackson and Nicole A. Andrews.[1] The

---
[1] Nicole A. Andrews is Copeland's wife and she is not incarcerated.

Defendant did not appeal his sentence. While incarcerated, the Defendant agreed to make restitution payments by participating in the Inmate Financial Responsibility Program to ensure that he meets his financial obligations. As of March 22, 2016, the Defendant has paid a total of $874.21, Andrews has paid a total of $5,100.00, and Jackson has paid a total of $175.00 in restitution.

## DISCUSSION

The Court ordered the Defendant to pay restitution of $16,405.39 under the Mandatory Restitution for Victims Act (MRVA). 18 U.S.C. § 3663A; U.S. Sentencing Guidelines Manual § 5E1.1. MRVA requires courts to order defendants, whose offenses meet specified elements, to make restitution payments if they are convicted. § 3663A(a). The Defendant pled guilty to crimes that triggered restitution payments under § 3663A. The Defendant has made it clear that he "is not disputing the existence of the restitution order." (Def.'s Mot. Seeking Modification of Restitution Pursuant to 18 U.S.C. §3664(A), at 2, ECF No. 134.) However, Defendant's Motion requests that the Court modify the restitution order so that he and his co-defendants are each responsible for one-third of the total restitution obligation. His argument is grounded in the idea that, because all three co-defendants were deemed responsible for the crime that prompted the restitution, they should each be required to pay an equal share of the restitution. Defendant also claims that the Court erred by not considering his financial condition when ordering the amount of restitution and the schedule of payment. The Court will address each issue in turn.

### A. Joint-and-Several Liability

Although the Defendant points to 18 U.S.C. § 3664(k) and argues that this statute allows the Court to modify the restitution order to have each co-defendant pay a one-third share, that argument is incorrect. Rather than allowing a court to remove the joint-and-several liability that has already been ordered, § 3664(k) allows the Court to "adjust the payment schedule" of ordered restitution once notified "of any material change in the defendant's economic circumstances." Therefore, this statute is not relevant to the Defendant's argument that the Court should reapportion the liability for restitution.

The Defendant also references § 3572 and § 3613A to support his claim, but these arguments also fail. Section 3572, as related to restitution states that the court will not order a fine if it impairs the defendant's ability to pay restitution, §3572(b); requires the court to establish a schedule for restitution payments, § 3572(d); and defines delinquency and default on a restitution payment, §§3572(h)–(i). Further, § 3613A outlines the actions the Court must take if the Defendant enters into default. These sections do not grant the Court the power to act as the Defendant requests, and thus, are inapplicable to his present claims.

The Defendant faults the Government for discussing 18 U.S.C. §3664(h) in its Response, but that is the statute that pertains specifically to restitution ordered to co-defendants. Under § 3664(h):

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

According to the Government, this statute provides "district courts [with] the option of *either* imposing full liability on each defendant *or* apportioning the liability among the defendants to reflect the culpability and economic circumstances of each defendant." (Gov't's Resp. 3 (emphasis added) (citing *United States v. Moeser*, 758 F.3d 793, 799 (7th Cir. 2014)).)

The Defendant argues that *Moeser* is inapplicable because he is not asking for a smaller burden based on a lesser role in the scheme; however, this is a difference without a distinction. *Moeser* outlines the choice the court has—at the time of sentencing—to either apportion liability between co-defendants or order joint-and-several liability. 758 F.3d at 799; *see also United States v. Sensmeier*, 361 F.3d 982, 990 (7th Cir. 2004) (citing *United States v. Booth,* 309 F.3d 566, 576 (9th Cir. 2002)) (explaining that under § 3664(h) the Court has the option of imposing joint-and-several restitution or apportioned restitution at the time of sentencing and that the decision is left to the court's discretion). This Court had the power at sentencing to order joint and several restitution, *see generally United States v. Rice*, Cause No. 2:08CR2-PPS, 2012 U.S. Dist. LEXIS 126576, at *1 (N.D. Ind. Sept. 6, 2012) (stating that joint-and-several restitution was ordered for co-defendants who committed bank robbery), *or* apportioned restitution. After careful consideration, the Court elected to order the former.

**B.      Defendant's Financial Condition**

The Defendant also argues that "his circumstances were not adequately taken into consideration at the time of sentencing as relating to his ability . . . to pay the restitution." (Def.'s Mot. 3.) Although "[t]he economic circumstances of a defendant cannot be considered by the court when fixing the amount of restitution," a defendant's economic circumstances may be "considered regarding the manner and schedule for payment of the restitution amount." *E.g.*,

*Sensmeier*, 361 F.3d at 988 & n.5 (construing 18 U.S.C. § 3664(f)). The Defendant's argument fails because the Court did take into consideration the Defendant's economic circumstances when it fashioned the restitution payment schedule. A presentence investigation report was prepared for the Court that outlined the Defendant's financial condition, as required by 18 U.S.C. § 3664. The Defendant has not identified any objections to the correctness of facts regarding his financial condition. The report included information about the Defendant's bank account balances, debts and assets, and tax return information, all of which the Court took into consideration when making its decision to set the schedule of payment, waive interest, and not impose a fine. To the extent that the Defendant is arguing that the amount of restitution he owes should be reduced because he is currently unable to pay the full amount, the likelihood that he will acquire resources in the future, once his incarceration ends, removes such concern. *United States v. Viemont*, 91 F.3d 946, 951 (7th Cir. 1996). Considering that the Court took the Defendant's financial condition into consideration, the Defendant has not presented any basis to modify or amend the restitution order.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motion [ECF No. 134].

SO ORDERED on June 22, 2016.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION